IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | | Case No. 3:04cr082 |
| vs. | : | |
| | | JUDGE WALTER HERBERT RICE |
| JOHN COPP, | : | |
| Defendant. | : | |

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION AND
AMENDED MOTION TO SUPPRESS EVIDENCE (DOCS. ##30 AND 31);
DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO
CONTINUE (DOC. #56); DECISION AND ENTRY OVERRULING
DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING (DOC. #57)

Defendant John Copp ("Defendant" or "Copp") is charged in the Indictment

(Doc. #20), inter alia, with one count of manufacturing and possessing with intent

to distribute in excess of 100 marijuana plants, in violation of 21 U.S.C. § 841.

That charge stems from the marijuana and other evidence which were seized on

March 19, 2004, when a search warrant was executed at the Defendant's

residence located at 2728 Kennedy Avenue, Dayton, Ohio.  Seeking the

suppression of that marijuana and other evidence, the Defendant has filed a Motion

and Amended Motion to Suppress Evidence (Docs. ##30 and 31).  The Court

conducted an oral and evidentiary hearing on those motions on August 5, 2004,

and on November 5, 2004.  In addition, the Court has indicated that it will consider the evidence introduced during the evidentiary hearing concerning Defendant's Motion to Dismiss (Doc. #45), which was conducted on May 23, 2005.  See Doc. #52.  The parties have recently filed their post-hearing memoranda.[1]  See Docs. ##53 and 54.  The Court now rules upon the Defendant's requests to suppress evidence.

On March 18, 2004, Kevin Phillips ("Phillips"), a police officer employed by the City of Dayton and assigned to a Drug Enforcement Agency task force, executed an affidavit in order to obtain a warrant to search Defendant's residence at 2728 Kennedy Avenue.  Therein, Phillips stated that a confidential source had met with officers of the Greene County A.C.E. Task Force and had provided information concerning two marijuana growing operations in Dayton.  According to Phillips' affidavit, the confidential source said that one of those operations was located at the Defendant's residence at 2728 Kennedy Avenue, while the other was at the residence of Brian Kersey ("Kersey").  Phillips also indicated that, on March 16, 2004, the confidential source, while working under the direction of an A.C.E. Task Force officer, had gone to Defendant's residence, and, while on the premises, had met Defendant and received a marijuana bud from him.  The confidential source subsequently gave that bud to Detective Osburn of the A.C.E. Task Force.  In addition, Phillips stated that he had subpoenaed the records from Dayton Power and Light concerning the consumption of electricity at 2728 Kennedy Avenue.  Those records indicated that Defendant used two to three times

---

[1]In its post-hearing memorandum (Doc. #54), the Government has incorporated the arguments it made in its memorandum in opposition to the Defendant's Motion to Dismiss.  See Doc. #51.

the amount of electricity as comparable homes in the area. In Phillips' experience, the consumption of such an unusually high amount of electricity is indicative of a marijuana growing operation, since such an endeavor requires the use of high intensity lights and fans to circulate moisture.

Phillips took his affidavit to Magistrate Judge Michael Merz, who issued the requested search warrant. As is indicated, that warrant was served on March 19, 2004. Among other evidence, the marijuana which underlies this prosecution was seized when that search warrant was executed.

In his post-hearing memorandum (Doc. #53), the Defendant argues that Phillips' affidavit violated the rule established by the Supreme Court in Franks v. Delaware, 438 U.S. 154 (1978). Therein, the Supreme Court fully explained its holding at the conclusion of its opinion:

> In sum, and to repeat with some embellishment what we stated at the beginning of this opinion: There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

- 3 -

438 U.S. at 171-72 (emphasis added and footnote omitted).

In particular, Copp contends that <u>Franks</u> was violated, because Phillips' affidavit contains the following misstatements, to wit: 1) "the [confidential source] stated that John Copp and Brian Kersey have purchased marijuana together in the past" (Phillips' Aff. At ¶ 1); 2) "[t]he [confidential source] has provided information in the past, which has been verified through independent investigation and found to be accurate and truthful" (<u>Id</u>. at ¶ 2); and 3) "[t]he [confidential source] met with John Copp and obtained from him a marijuana bud from a live marijuana plant" (<u>Id</u>. at ¶ 5). The Court agrees with the Defendant that the quoted statements from ¶¶ 1 and 2 of Phillips' affidavit are inaccurate. However, the alleged misstatement in ¶ 5 is much more narrow than the Defendant would have the Court believe. Phillips' affidavit accurately states that Copp gave the confidential source a marijuana bud. Copp did not, however, remove that bud from a live marijuana plant immediately before giving it to the confidential source, as the affidavit implies.

In his recently filed a Request for Hearing (Doc. #57), Defendant argues that he has made the requisite preliminary showing and that, therefore, he is entitled to a hearing during which he will prove by the preponderance of the evidence that Phillips intentionally made the misstatements set forth in ¶¶ 1, 2 and 5 of his affidavit or that he made them with a reckless disregard for the truth. For present purposes, the Court assumes that the Defendant made such a preliminary showing, as a result of the evidence introduced during the hearing concerning his Motion to Dismiss (Doc. #45), conducted on May 23, 2005. However, disregarding those

misstatements,[2] the Court concludes that Phillips' affidavit nevertheless established probable cause to believe that contraband or evidence of a crime (i.e., a marijuana growing operation) would be found in Defendant's residence at 2728 Kennedy Avenue.  Accordingly, the hearing requested by Copp is not necessary, and the Court overrules his Request for Hearing (Doc. #57).[3]  In addition, it overrules his Motion and Amended Motion to Suppress Evidence (Docs. ##30 and 31).  The Court begins its analysis by reviewing the standards it must apply whenever a defendant argues that a search warrant was not supported by probable cause.

In United States v. Smith, 182 F.3d 473 (6th Cir. 1999), the Sixth Circuit reviewed the principles which a court must apply when determining whether a warrant is supported by probable cause:

> The Fourth Amendment, which states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation," U.S. CONST. amend. IV, requires that probable cause be determined "by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out federal crime."  Johnson v. United States, 333 U.S. 10, 14 (1948).  In order for a magistrate to be able to perform his official function, the affidavit must contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the warrant.  Whiteley v. Warden, 401 U.S. 560, 564 (1971).  Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion."  United States v. Bennett, 905 F.2d 931, 934 (6th Cir. 1990).  It requires "only a probability or substantial chance of criminal activity, not an

---

[2]It bears emphasis that the Court will only disregard the portion of ¶ 5 in which Phillips indicates that the marijuana bud came from a live plant immediately before Copp gave it to the confidential source.

[3]The Defendant has also requested a continuance of the trial in this matter, currently scheduled to commence on Monday, August 29, 2005, in order to provide time necessary for the requested hearing to be conducted.  Since there is no need for that hearing, the Court overrules Defendant's Motion for Continuance (Doc. #56).

> actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 244 n. 13
> (1983).  A warrant must be upheld as long as the magistrate had a
> "substantial basis for … conclud[ing] that a search would uncover evidence
> of wrongdoing…." Id. at 236.  See also United States v. Finch, 998 F.2d
> 349, 352 (6th Cir. 1993).

Id. at 476-77.  In Illinois v. Gates, 462 U.S. 213, 230 (1983), the Supreme Court

stressed that the existence of probable cause must be determined from the totality

of the circumstances.  In Gates, the Supreme Court noted that "[t]he task of the

issuing magistrate is simply to make a practical, common-sense decision whether,

given all the circumstances set forth in the affidavit before him, including the

'veracity' and 'basis of knowledge' of persons supplying hearsay information, there

is a fair probability that contraband or evidence of a crime will be found in a

particular place." Id. at 238.  See also, United States v. Laughton, 409 F.3d 744,

747 (6th Cir. 2005).  When determining whether an affidavit established the

existence of probable cause to believe that an individual has committed or is

committing an offense, this Court must examine the totality of those

circumstances in a "realistic and commonsense fashion." United States v. Van

Shutters, 163 F.3d 331, 336 (6th Cir. 1998), cert. denied, 526 U.S. 1077 (1999).

Of course, this Court also must give great deference to the determination of

probable cause made by Judge Merz who issued the arrest warrant.  United States

v. Allen, 211 F.3d 970 (6th Cir.) (en banc), cert. denied, 531 U.S. 907 (2000);

United States v. Akram, 165 F.3d 452, 456 (6th Cir. 1999).  See also, United

States v. Graham, 275 F.3d 490, 501 (6th Cir. 2001) (indicating that a

magistrate's finding of probable cause will not be set aside, unless it was arbitrarily

made).

Where, as in the present case, oral testimony was not presented to the magistrate who issued the warrant, the existence of probable cause to support that warrant must be ascertained exclusively from the four corners of the affidavit.  See e.g., Whiteley v. Warden, 401 U.S. 560, 565 n. 8 (1971); United States v. Vigeant, 176 F.3d 565, 569 (1st Cir. 1999); United States v. Etheridge, 165 F.3d 655, 656 (8th Cir. 1999); United States v. Weaver, 99 F.3d 1372, 1377 (6th Cir. 1996).

Excluding the misstatements which the Court has disregarded under the assumption that they were made intentionally or with a reckless disregard for the truth,[4] the remainder of the information set forth in Phillips' affidavit unquestionably established that "there is a fair probability that contraband or evidence of a crime [would] be found in [Defendant's residence]."  Gates 462 U.S. at 238.

On about March 15, 2004, a confidential informant told officers that the Defendant was operating a marijuana growing operation in his residence at 2728 Kennedy Avenue.  During the following days, officers conducted an investigation in order to confirm that tip.  For instance, Phillips obtained records from Dayton Power and Light, which showed that Copp was using two to three times the

_____

[4]In ¶ 3 of his affidavit, Phillips has set forth the details about Copp's marijuana growing operation which had been provided by the confidential informant.  The Defendant argues that those statements are stale, since the affidavit does not set forth the date when the confidential informant had observed that operation.  In an abundance of caution and in accordance with the staleness doctrine, the Court will disregard the statements contained in ¶ 3 of Phillips' affidavit, when deciding whether that affidavit established probable cause, even though information is rarely found to be stale in an investigation of an operation involving controlled substances, since such operations are ongoing.  See e.g., United States v. Hammond, 351 F.3d 765 (2003).

amount of electricity being used by consumers in comparable residences.[5]  Phillips has indicated in his affidavit that indoor marijuana growing operations consume large amounts of electricity, since such endeavors utilize high intensity lights and fans to circulate moisture.  More importantly, while being observed by officers, the confidential informant entered Defendant's residence at 2728 Kennedy Avenue, where he met with the Defendant.  While inside that residence, the confidential informant obtained a marijuana bud from Copp.

All of the foregoing information learned by the officers during their investigation certainly gave credence to the statement by the confidential source that Copp was operating a marijuana growing operation, thus supporting his veracity.  In addition, the fact that the confidential source was able to enter Defendant's residence and obtain a marijuana bud therein clearly demonstrates that the confidential source had a basis for knowing that the Defendant was operating a marijuana growing operation therein.  Thus, as is indicated above, the Court concludes that Phillips' affidavit, stripped of its offending verbiage, established that there is a fair probability that contraband or evidence of a crime would be found in that residence.

Accordingly, the Court overrules the Defendant's Motion and Amended Motion to Suppress Evidence (Docs. ##30 and 31).


August 15, 2005

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

_____

[5]Officers also confirmed that Defendant lived at 2728 Kennedy Avenue.

Copies to:

Counsel of Record.